# Order

Michigan Supreme Court
Lansing, Michigan

March 26, 2021

160661

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

CLEOPHAS ANDREW BROWN,
            Defendant-Appellant.

_____/

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 160661
COA: 348079
Oakland CC: 2018-266476-FH

On March 4, 2021, the Court heard oral argument on the application for leave to appeal the October 15, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*concurring*).

The question presented in this case is whether certain immunities from liability and arrest in the concealed pistol licensing act (CPLA), MCL 28.421 *et seq.*, apply to arrests for carrying a concealed weapon (CCW) under the Michigan Penal Code, MCL 750.1 *et seq.* Defendant claims that although he was carrying a concealed pistol without a valid license, he cannot be liable for CCW because the immunities provided in the CPLA apply to convictions under the CCW statute, MCL 750.227. He relies on MCL 28.428(8) and (9), which provide:

> (8) A suspension or revocation order or amended order issued under this section is immediately effective. However, an individual is not criminally liable for violating the order or amended order unless he or she has received notice of the order or amended order.

> (9) If an individual is carrying a pistol in violation of a suspension or revocation order or amended order issued under this section but has not previously received notice of the order or amended order, the individual must be informed of the order or amended order and be given an opportunity to properly store the pistol or otherwise comply with the order or amended order before an arrest is made for carrying the pistol in violation of this act.

The Court of Appeals held that the CCW and CPLA statutes should not be read *in pari materia*, despite involving the same subject matter, because specific language in the immunity provisions indicates that they apply only to crimes arising under the CPLA.

Accordingly, the immunity provisions do not apply to violations of the CCW statute. The Court of Appeals also held, in the alternative, that even if the CPLA immunities apply to the CCW statute, defendant here received all the notice required before revocation of his license and thus, as a factual matter, he is not entitled to immunity.

I agree with the panel that defendant received adequate notice and therefore, even if the immunities are applicable, he is not entitled to them. But I write separately because the interpretive issue of whether the immunity provisions apply is a difficult one and should be closely considered in an appropriate future case. As a general matter, I disagree with the panel's conclusion that the *in pari materia* canon of statutory construction is inapplicable. It is applicable because the statutes relate to the same subject and share a common subject matter. See *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 73 n 26 (2017). Indeed, the CCW statute is so closely related to the CPLA that it was originally part of it until the Legislature created the Penal Code in 1931 PA 328. See 1927 PA 372. All this means, however, is that the statutes must be read harmoniously—it does not mean that provisions from one statute must be dragged into the other statute in a manner that does violence to the language of the receiving statute. See *SBC Health Midwest, Inc*, 500 Mich at 73-75.

Here, there is some limiting language in the CPLA's immunity provisions that suggest they do not apply to the CCW statute. The provisions refer to violations of orders "issued under this section" and violations of "this act." MCL 28.428(8) and (9). At the same time, it is difficult to discern what effect these immunity provisions have if they only apply to crimes in the CPLA, for there are few such crimes and it is not immediately apparent that the immunity provisions would cover any of them.[1] Thus,

---

[1] While it appears an argument can be made that the immunity set forth in MCL 28.428(8) may apply to a criminal charge for failing to surrender a firearm upon notice of suspension or revocation under Subsection (4) of the statute, it is more difficult to find a role for Subsection (9) to play under the CPLA. At oral argument, the prosecutor posited that this latter section may apply to violations of MCL 28.425o, but that seems a bit of a stretch. Section 8o primarily regulates where a person with a valid license may carry a concealed pistol. It is no defense to a criminal charge for violating § 8o's location restriction that a person did not have notice that his or her license was suspended or revoked. Certain individuals are exempted from these location restrictions; however, those individuals would have to violate the statute three times before the protection from arrest provided in MCL 28.428(9) could come into play. See MCL 28.425o(6)(a) (first offense is a state civil infraction), (6)(b) (second offense is a misdemeanor, but it is only punishable by a fine), and (6)(c) (third offense is a felony punishable by up to four years in prison).

whether these provisions apply to the CCW statute is a close question that I believe will merit this Court's review if more squarely presented in a future case.

But here the Court of Appeals' determination that defendant received sufficient notice is dispositive and would render any decision of this Court on the interpretive issue unnecessary to the outcome. I therefore concur in the denial of leave in this case.

McCORMACK, C.J., and CLEMENT, J., join the statement of VIVIANO, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 26, 2021



t0324

Clerk